IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

RICHARD ADKINS,

            Plaintiff,

v.                                                      CIVIL ACTION NO.   2:21-cv-00636

BIOTE MEDICAL, LLC,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion to Remand* (Document 20), the *Plaintiff's Memorandum of Law in Support of Motion to Remand* (Document 21), *BioTE Medical LLC's Memorandum in Opposition to Plaintiff's Motion to Remand* (Document 30), and the *Plaintiff's Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand* (Document 34). For the reasons stated herein, the Court finds that the motion to remand should be granted.

**FACTS AND PROCEDURAL HISTORY**

The Plaintiff filed this action on October 23, 2021, in the Circuit Court of Kanawha County, West Virginia. His initial *Complaint* (Document 1-3) asserted a negligence claim against Defendant BioTE Medical LLC, a Texas company. The factual allegations describe hormone treatment administered by William Jarod Chapman, D.O., and Living Well Medical Center, PLLC (LWMC), in accordance with training and protocols provided by BioTE. The Plaintiff alleges that the hormone replacement therapy led to elevated hormone levels and cancer. He began

1

complying with the pre-suit requirements of the West Virginia Medical Professional Liability Act (MPLA) as to Dr. Chapman and LWMC around the same time he filed his suit against BioTE.

BioTE removed the matter to federal court on December 6, 2021. The Plaintiff had not yet served BioTE. BioTE filed a motion to dismiss on December 27, 2021. On January 10, 2022, having fulfilled the MPLA requirements, the Plaintiff filed an *Amended Complaint* (Document 7), which added Dr. Chapman and LWMC as Defendants. The amended complaint includes more detailed factual allegations and alleges the following causes of action: Negligence, as to BioTE; Failure to Warn, as to BioTE; Strict Products Liability, as to BioTE; and Medical Negligence, as to Dr. Chapman and LWMC. Dr. Chapman and LWMC are West Virginia residents, as is the Plaintiff.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist.

---

1  Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT&T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (noting that even where the rules would otherwise allow a plaintiff to amend without court approval, courts may reject the amendment and joinder under §1447(e)). "Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound

3

discretion of the district court." *Id.* Factors to consider in determining whether joinder of non-diverse parties should be permitted include: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* (quoting *Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D.W. Va. 1998) (Haden, C.J.)). If a defendant can prove that the non-diverse defendants were fraudulently joined, "that fact should be a factor—and perhaps the dispositive factor—that the court considers in deciding whether a plaintiff may join a nondiverse defendant." *Id*. at 463. "The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." *Id.*

## DISCUSSION

The Plaintiff explains that the original complaint named only BioTE as a defendant because suit had to be filed before expiration of the statute of limitations, while the anticipated claims against the in-state medical providers were tolled during the MPLA process. He indicates that his intent was to delay service on BioTE until satisfying the MPLA requirements, then amend the complaint to add the in-state parties and proceed to litigate the claims in one proceeding in state court. The Plaintiff argues that permitting joinder and remanding the case is the only way to ensure that the litigation proceeds against all parties in the same forum with consistent, unified results. He further notes that a related case involving similar claims was consolidated and is pending before Judge Joanna Tabit in the Circuit Court of Kanawha County.

BioTE argues that the "Plaintiff's admission that he intentionally hid the existence of his lawsuit against BioTE and delayed service to avoid removal confirms that the amendment is

4

primarily for the purposes of defeating jurisdiction." (Def.'s Resp. at 2.) It further argues that the Plaintiff could have completed the MPLA process earlier and filed a single suit against all Defendants. In addition, it contends that the Plaintiff could have filed the amended complaint weeks earlier. BioTE argues that complete relief could be afforded if the claims against Dr. Chapman and LWMC proceed in state court while the instant case proceeds in federal court. It argues that the expense and delay that would result from remand would be prejudicial.

There is no dispute that BioTE and the Plaintiff are diverse, and that Dr. Chapman and the LWMC are not. Thus, the sole issue is whether joinder of the in-state Defendants, which would require remand, should be permitted.

The Court finds that the Plaintiff should be permitted to join Dr. Chapman and LWMC as Defendants. Although BioTE is correct that the Plaintiff could have avoided this situation by beginning the MPLA process earlier, rather than waiting until the statute of limitations had nearly expired, nothing in the Plaintiff's actions suggests improper efforts to avoid federal jurisdiction. The original complaint sets forth the factual allegations, including those involving Dr. Chapman and the LWMC, putting the Defendant on notice that they could be joined as parties. The Plaintiff clearly intended to bring suit against all parties. His delay in naming Dr. Chapman and the LWMC is attributable to state pre-suit procedural requirements applicable to medical professionals, not jurisdictional gamesmanship. The effort to delay service on BioTE until the in-state parties could be joined and removal would not be permitted was designed to avoid precisely the expense and delay that results from jurisdictional disputes and changes in forum during litigation that BioTE cites as prejudicial.

The Plaintiff has alleged that Dr. Chapman and LWMC, using BioTE's products and guidance, harmed him. Litigating those claims, involving a single set of facts and damages, in a single forum will be a more efficient use of judicial resources and the parties' resources. It will avoid the risk of inconsistent rulings. Given the existence of a similar claim already pending in state court, there is an increased risk of inconsistency. It remains early in the litigation process, and the briefing on the motion to dismiss may be largely repurposed should BioTE continue to seek dismissal following remand. This Court lacks jurisdiction over the claims as to Dr. Chapman and LWMC. Thus, the Court finds that the applicable factors and equitable considerations favor joinder and remand, and the Plaintiff's motion should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand* (Document 20) be **GRANTED** and that Dr. Chapman and LWMC be joined as Defendants. The Court further **ORDERS** that this case be **REMANDED** to the Circuit Court of Kanawha County, West Virginia, for further proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Circuit Court of Kanawha County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER:     March 25, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA